# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-88 (DWF/SER) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Omar Kashaka Taylor, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion and Request to Proceed with Defendant's Sentencing Hearing by Video Conference (Doc. No. 233). This motion is made in the context of the COVID-19 pandemic, the CARES Act, and Chief Judge Tunheim's Administrative General Order No. 5 dated March 30, 2020 providing that "if a Judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case." The Government opposes Defendant's request and motion for sentencing by way of video conferencing because they have asserted that they are unaware of any specific reasons why delaying the sentencing hearing in this case would cause serious harm to the interests of justice. (Doc. No. 234). Consequently, the Government has requested that, in the event the Court overrules their objection and sets this matter for a sentencing by video conference, the Court make a

record and provide specific reasons why the sentencing of the Defendant cannot be further delayed without serious harm to the interests of justice.

Based upon the submissions of counsel and the Court having reviewed the procedural status of the case as well as the status of COVID-19 cases in the Bureau of Prison ("BOP") facilities in the United States and the Court being otherwise duly advised in the premises, hereby enters the following:

## ORDER

1. Defendant's Motion and Request to Proceed with Sentencing by Way of Video Conference (Doc. No. [233]) is respectfully **DENIED** for the reasons stated in the attached Memorandum. However, the Court does specifically find that the sentencing hearing can be further delayed without serious harm to the interests of justice, and in the Court's view, including the public's interest and the interest of the Defendant.

2. The attached Memorandum is made a part hereof.

Dated: May 12, 2020          s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge

## MEMORANDUM

There is no question that the Court must impose a sentence without unnecessary delay as observed by defense counsel. However, notwithstanding the difficult circumstances the entire country including the criminal and civil justice system, finds itself in given the COVID-19 virus, this was not a close call for the Court to make for at least two reasons.

First, there are significant issues that will need to be addressed by this Court in order to arrive at and impose a fair sentence. Quite separate from the fact there is a statutory, mandatory minimum sentence of 25 years with or without any witnesses being called, there are significant issues that will be addressed, and understandably so, by both counsel with respect to the objections that have been raised related to the presentence investigation report and the advisory guidelines as evidenced by the submissions by both government's counsel and defense counsel. For this reason alone, the Court concluded it was obligated not to schedule a sentencing hearing by way of video conference even with the consent of the Defendant.

Second, even though the Court fully understands the arguments of counsel and the position of the Defendant not unique to this case with respect to what is commonly referred to or characterized as "hard time" at the Sherburne County Jail or other jail settings vis-a-vis a facility with the Bureau of Prisons, currently we are fortunate and perhaps lucky to have had no inmate that has contracted the virus and no guard or official working with the inmates who has contracted the virus. When that is juxtaposed with what is occurring with the Bureau of Prisons, notwithstanding the hard time issue, that created a reason by itself that in the Court's view obligated it to not proceed at this time by way of video conference. As of May 11, 2020, the BOP had 139,777 federal inmates in BOP-managed institutions and 11,260 in community-based facilities. The BOP staff is approximately 36,000. Currently, there are 3,319 federal inmates and 250 BOP staff who have confirmed positive test results for COVID-19 nationwide. Currently, 656 inmates

and 279 staff members have recovered.  As of May 11, 2020, there have been 48 federal inmate deaths and zero BOP staff member deaths attributed to the COVID-19 virus.[1]

The Court, as noted in its Order, will review all of these circumstances as noted in this Memorandum on a biweekly basis both to evaluate any additional national and districtwide administrative orders as well as conditions both at Sherburne County and with the Bureau of Prisons.  The Court will consult with respective counsel in the event of a substantial change in circumstances and in advance of setting a sentencing hearing in this matter.

For the reasons stated, the Court finds that delaying the sentencing hearing in this case will <u>not</u> cause harm to the interests of justice.

D.W.F.

---

[1] Due to the rapidly evolving nature of this public health crisis, the BOP will update the open COVID-19 confirmed positive test numbers, recoveries, and the number of COVID-19 related deaths daily at 3:00 p.m.  The positive test numbers are based on the most recently available confirmed lab results involving open cases from across the agency as reported by the BOP's Office of Occupational Health and Safety at 11:00 a.m. each day. BOP field sites may report additional updates throughout the day. Data is subject to change based on additional reporting.

The BOP has begun additional testing of asymptomatic inmates to assist in slowing transmissions within a correctional setting.  As such, data reflects an increase in the number of COVID-19 positive tests.  The BOP is able to better utilize this information for the management of an outbreak at the relevant, affected facility.

The inmate totals listed do not include inmates participating in the Federal Location Monitoring program or being held in privately managed prisons.