# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 18-88 (DWF/ECW)

          Plaintiff,

v.                                                                          **ORDER AND MEMORANDUM**

Omar Kashaka Taylor,
a/k/a Shaka,

          Defendant.


This matter is before the Court on (1) Defendant's Motion to Dismiss Count 1 of the Third Superseding Indictment (Doc. No. 222); (2) Defendant's Motion for Evidentiary Hearing (Doc. No. 223); and (3) Defendant's Motion to Dismiss Due to Sentencing Delay (Doc. No. 242).  The Court has reviewed the motions and hereby enters the following:

## ORDER

1.      Defendant's Motion to Dismiss Count 1 of the Third Superseding Indictment (Doc. No. [222]) is **DENIED**;

2.      To the extent the parties have agreed on the scope and issues to be addressed at the sentencing hearing, the Defendant's Motion for Evidentiary Hearing (Doc. No. [223]) is **GRANTED**; and

3.      Defendant's Motion to Dismiss Due to Sentencing Delay (Doc. No. [242])

is **DENIED**.


Dated:  June 19, 2020                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge


## MEMORANDUM

Defendant was charged on March 21, 2018.  (Doc. No. 3.)  Trial commenced on

January 28, 2019 and ended on February 5, 2019.  (Doc. Nos. 92, 106, 107.)  Defendant

was convicted by a jury of Sex Trafficking of a Minor involving Victim A (Count 1), Sex

Trafficking of Victim A by Force, Fraud and Coercion (Count 2), Commission of a

Felony Offense Involving a Minor When Required to Register as a Sex Offender

(Count 3), and Sex Trafficking of Victim B by Force, Fraud and Coercion (Count 4).

(Doc. Nos. 106, 107.)  Defendant has been detained since his initial appearance on

March 22, 2018.  (Doc. Nos. 5, 9.)

U.S. Probation and Pretrial Services filed the preliminary Presentence

Investigation Report ("PSR") on March 29, 2019.  (Doc. No. 118.)  The United States

filed objections to the PSR on April 12, 2019.  Also, in April 2019 Defendant sought

appointment of new counsel.  (Doc. No. 120.)  After appointment of new counsel,

Defendant sought three extensions of time to file objections to the PSR.  (Doc. Nos. 129,

155, 202.)  On September 12, 2009, Defendant filed his objections to the PSR.  (Doc. No.

206.)  The final PSR was filed on February 13, 2020.  (Doc. No. 210.)  The sentencing

hearing was scheduled on April 3, 2020.  (Doc. No. 219.)  However, that hearing was

cancelled due to the public health emergency caused by the COVID-19 pandemic.  (Doc.

No. 224.)  On April 24, 2020, Defendant requested that the Court proceed with

sentencing via video conference.  (Doc. No. 233.)  The Court denied Defendant's request.

(Doc. No. 240.)

Defendant moves to dismiss Count 1 of the Third Superseding Indictment on the

grounds that it is a lesser included offense of Count 2 and, therefore, violates the Double

Jeopardy Clause of the Fifth Amendment.  Defendant's motion fails for two primary

reasons.  First, his motion is untimely.  Federal Rule of Criminal Procedure 12(b)(3)

requires that motions alleging a defect in the indictment be raised by pretrial motion if the

"basis for the motion is then reasonably available and the motion can be determined

without a trial on the merits."  Fed. R. Crim. P. 12(b)(3).  Double jeopardy is "such an

alleged defect if it 'appears on the face of the indictment.'"  *United States v. Anderson*,

787 F.3d 727, 740 (8th Cir, 2015) (citation omitted).  Defendant did not file his double

jeopardy objection until March 11, 2020.  Having failed to make a showing of good

cause, Defendant's motion is untimely and, therefore, properly denied.

Second, even if it were timely, Defendant's motion fails on the merits.  The

Government has made convincing arguments that Congress intended to authorize

multiple punishments for Defendant's criminal conduct in Counts 1 and 2 and that one

offense is not a "lesser included offense" of the other.  Specifically, the Government has

shown that, despite some overlap in the elements of sex trafficking of a minor and sex

trafficking by force, fraud or coercion, they are distinct offenses requiring different proof

and that these claims involving the same victim do not constitute the same offense. Accordingly, Defendant's motion to dismiss is properly denied.

Defendant also moves for an evidentiary hearing on contested sentencing issues, such as Defendant's factual objections to the PSR, whether Defendant engaged in disputed actions that support an enhancement for obstruction of justice, and evidence that may be pertinent to the application of additional enhancements. Both the Government (Doc. No. 237) and the Defendant (Doc. No. 239) have submitted the issues that will be addressed at sentencing. Consequently, to the extent that the parties have agreed on the scope of the sentencing hearing and the issues to be addressed, the Court grants Defendant's motion for an evidentiary hearing.

Finally, Defendant moves to dismiss due to sentencing delay. In support, Defendant argues that the 16-month delay between his trial and sentencing violates his right to due process under the Fifth and Fourteenth Amendments. The Court disagrees. The delay here is at least in part attributable to Defendant, who requested the appointment of a new counsel that, once granted, resulted in a period of delay while new counsel reviewed the trial record and consulted with Defendant. During this time, several extensions were sought and granted. More recently, the delay in sentencing is due to the COVID-19 pandemic. In addition, the Court has once denied Defendant's request for sentencing via video conference due to Defendant's failure to articulate reasons that would satisfy the CARES Act. The Court previously found that there are significant issues that will need to be addressed by this Court in order to arrive at and impose a fair sentence and that delaying the sentencing hearing in this case will not cause harm to the

interests of justice.  Here, the 16-month delay in sentencing is due in part to Defendant's action and, significantly, the COVID-19 pandemic.  Defendant has not demonstrated that the delay violates his constitutional rights.

As the Court observed in its Order filed on May 12, 2020 (Doc. No. 240) when it denied Defendant's motion to proceed with sentencing by way of video conference, there is no question that the Court must impose a sentence without necessary delay.  The Court will not repeat what it stated in its May 12, 2020 Order and Memorandum with respect to the significant issues that the Court is obligated to address at the time of sentencing in order to impose a fair sentence.

The Court also acknowledges that it understands an issue not unique to this case— namely, the issue commonly referred to or characterized as "hard time" at the Sherburne County Jail or other jail settings vis-a-vis a facility with the Bureau of Prisons.  That, of course, is made in the context of the mental health issues that have been addressed by Defendant and his counsel.  However, in light of no inmate, guard, or official at the Sherburne County Jail having contracted the virus, as compared to the outbreaks occurring within the Bureau of Prisons notwithstanding the hard time issue, the Court finds that it is obligated not to proceed at this time by way of video conference given the crucial issues in the case.

The Court noted the statistics on the number of federal inmates who had tested positive as of the Court's May 12, 2020 Order and Memorandum, as well as the 48 federal inmate deaths.  Currently, there have been 85 federal inmate deaths and one

Bureau of Prison staff member death attributed to the COVID-19 virus.  In fact, the BOP field sites report additional updates throughout each day.

Importantly, there is one statistic the Court did not note in its memorandum of May 12, 2020.  Sadly, this Court sentenced a defendant in August of 2019 to a term of just 14 months' incarceration with 3 years of supervision for racketeering, conspiracy to commit transportation to engage in prostitution, and conspiracy to engage in money laundering.  Because it was related to sex-trafficking, the Court assumes that the Bureau of Prisons designated the defendant to a BOP facility in Milan, Michigan, where on April 23, 2020, the defendant, who was 43 years old, passed away after being on a ventilator for 11 days because of complications related to COVID-19.

For the reasons stated, Defendant's motion to dismiss due to the asserted sentencing delay is respectfully denied.

D.W.F.