UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-88 (DWF/ECW) |
| | Civil No. 23-3889 (DWF) |
| Respondent-Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Omar Kashaka Taylor, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Oman Kashaka Taylor's *pro se* motion to vacate his sentence under 28 U.S.C. § 2255.  (Doc. No. 293.)  Plaintiff United States of America (the "Government") opposes the motion.  (Doc. No. 301.)  For the reasons discussed below, the Court respectfully denies Taylor's motion.

## BACKGROUND

Taylor was convicted by a jury of sex trafficking of a minor, two counts of sex trafficking by force, fraud, and coercion, and commission of a felony offense involving a minor when required to register as a sex offender.  (Doc. Nos. 106-07.)

Taylor ran an illegal massage parlor in Northeast Minneapolis.  (Doc. No. 210 at 7-8.)  Taylor employed many women, from seventeen years old to women in their early twenties, who were often Native American, homeless, and addicted to drugs.  (*Id.* at 8.)  Several of the women were told the massage parlor was "legitimate" and did not entail commercial sex acts.  (*Id.*)  But women were told they could make more money if

they performed sex acts. (*Id.* at 11.) One individual, S.N., who was seventeen years old at the time, testified that Taylor forced her to perform sex acts during multiple massage appointments. (*Id.*) She also testified that Taylor raped her two or three times per week. (*Id.*) Another individual, A.L., was forced to perform a sex act during a massage appointment. (*Id.* at 12.) Taylor also encouraged her to wear lingerie during the appointments. (*Id.*)

The Court sentenced Taylor to 400 months in prison and 25 years of supervised release. (Doc. No. 257.) Taylor appealed his conviction, challenging the sufficiency of evidence, a jury instruction that defined a sex act, the admission of certain testimony, and the admission of Taylor's prior conviction, and arguing that the two convictions related to S.N. violated the Double Jeopardy Clause of the Fifth Amendment. *United States v. Taylor*, 44 F.4th 779, 783 (8th Cir. 2022). The Eighth Circuit affirmed the judgment. *Id.* at 795.

Taylor now brings a motion under § 2255, arguing that his sentence should be vacated, set aside, or corrected. (Doc. No. 293.)

## DISCUSSION

I.      **Section 2255 Legal Standard**

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## II.     Conflict of Interest and Ineffective Assistance

Taylor first argues that because his attorney was being investigated for misconduct, there was a conflict of interest. "[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980). This rule applies to "cases involving an attorney's concurrent representation of defendants with conflicting interests." *Dansby v. Hobbs*, 766 F.3d 809, 837 (8th Cir. 2014). For "[o]ther conflict situations," a defendant must prove "actual prejudice under the *Strickland* standard in order to meet the constitutional standard for ineffective assistance of counsel." *Id.*

Taylor does not argue that his counsel represented other defendants with conflicting interests. Rather, Taylor asserts that because his counsel, David Izek, was under investigation by the State of Minnesota for professional misconduct, Izek's

3

"loyalty was with himself." (Doc. No. 293-1 at 4.) Thus, the Court must analyze Taylor's claim under the *Strickland* standard.

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076. To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . rendered adequate assistance." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.* at 694. A defendant must prove with "a probability sufficient to undermine confidence in the outcome" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Taylor asserts that because Izek was under investigation, he could not prepare adequately for trial. In August 2019, Izek was disciplined for "failing to promptly refund unearned fees to one client, and with respect to several clients, engaging in a pattern of depositing unearned advance fee payments into his business account and entering into improper flat fee agreements and improper availability fee agreements." *In re Disciplinary Action Against Izek*, 932 N.W.2d 476, 476 (Minn. 2019). He further

4

"periodically misappropriat[ed] advance fees before fully earning the funds and commingl[ed] client funds with [his] personal funds . . . and ma[de] a false statement to a prosecutor and failing to withdraw from a representation." *Id.* Izek's law license was suspended for one year as a result of the disciplinary action. *Id.* In February 2022, Izek's law license was reinstated. *In re Izek*, 969 N.W.2d 837, 838 (Minn. 2022).

There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Morelos v. United States*, 709 F.3d 1246, 1252 (8th Cir. 2013) (internal quotation and citation omitted). Although Izek was under investigation in 2019, the investigation was not related to any action that Izek took in Taylor's case. And while Taylor asserts that Izek must have been preoccupied, there is no evidence that the investigation in any way impacted Izek's ability to serve as Taylor's counsel. The Court cannot conclude that Izek's decision to remain as Taylor's counsel during this time "strayed beyond the range of reasonable professional assistance." *See id.* at 1253 ("Even though the suspensions meant [that counsel] could not lawfully practice law in the states of Nebraska and South Dakota, Morelos has not demonstrated any way in which either of those suspensions negatively impacted [counsel's] ability to practice law in a federal court . . . ."). Nor has Taylor demonstrated prejudice.

Taylor makes a number of additional arguments to support his ineffective assistance of counsel claim. Taylor argues that Izek lied about attempting to find witnesses, did not prepare for trial, kept mistaking facts, destroyed witness statements, told the jury an incorrect statement, and failed to object to a protective order.

5

"If the defendant cannot prove prejudice, [the court] need not address whether counsel's performance was deficient." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To prove prejudice, Taylor must demonstrate that "but for counsel's errors, the result of the proceeding would have been different." *Id.* Taylor has failed to explain how the outcome of his case would have been different but for Izek's alleged errors. While Taylor asserts that Izek lied about attempting to find witnesses and destroyed witness statements, he has not explained what these witnesses would have testified about and how the testimony would have changed the outcome of this case. In addition, the incorrect statement Taylor alleges that Izek made was related to Taylor's residence. Taylor does not explain how this statement was material to any of the charges in the case. Regarding the protective order, Taylor asserts that he was not able to review discovery "unless [he] signed a very extreme protective order" and believes Izek should have challenged the order. (Doc. No. 293-1 at 4.) Again, Taylor does not explain how reviewing the evidence would have changed the outcome of this case, nor does he explain why the protective order was "extreme," especially considering that the evidence in this case related to minor victims.

In addition, Taylor argues that Izek should have objected to perjury. Specifically, he argues that the prosecutor said to the jurors during closing arguments that Taylor lied. Taylor argues that Izek should have objected to this and requested a "curative instruction." (*Id.* at 3.) "It is permissible for a prosecutor to interpret the evidence as indicating that the defendant is not telling the truth." *United States v. White*, 241 F.3d 1015, 1023 (8th Cir. 2001). Statements such as "I think it is fair for you to conclude that

6

he [the defendant] was lying to you," is not reversable error. *United States v. Bentley*, 561 F.3d 803, 813 (8th Cir. 2009). Here, the prosecutor said multiple times in closing that Taylor lied; however, "the prosecutor made [those] arguments from the evidence that [Taylor] was untruthful." *Id.* It was reasonable for Izek to not object to these statements, and Taylor has not demonstrated that these statements impacted the outcome of his trial.

Taylor further argues that Izek purposefully "open[ed] the door to [his] 2005 conviction." (Doc. No. 293 at 4.) As the Eighth Circuit concluded, however, "[g]iven the limiting instructions and the overwhelming evidence of Taylor's guilt on the charged crimes, the jury could not have been substantially swayed by admission of the 2005 conviction." *Taylor*, 44 F.4th at 794. Taylor has failed to establish that the introduction of this conviction impacted the outcome of his case.

Lastly, Taylor argues that "sex act" should not have been defined for the jury and instead it should have been up for the "jury [to] determine if a happy ending is a sex act." (Doc. No. 293-1 at 4.) This matter was brought up on appeal, and a § 2255 motion cannot be used to relitigate matters on appeal. *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) ("With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal."). The Eighth Circuit rejected Taylor's argument that "'sex act' as used in § 1591 ought to be restricted or limited to sexual conduct involving penetration or contact between two sets of genitalia." *Taylor*, 44 F.4th at 788. The Eighth Circuit further concluded that while the jury instructions should have described the physical act at issue rather than describing the act as a "happy ending," any "alleged jury instruction error [was] harmless beyond a reasonable doubt." *Id.*

7

Overall, Taylor has failed to demonstrate any claim of ineffective assistance of counsel.

## III. Prosecutorial Misconduct

Taylor next asserts claims of prosecutorial misconduct. Specifically, Taylor asserts that the Government allowed a witness to lie about details of her interactions with Taylor, such as when Taylor added her on Facebook. He additionally claims that the Government allowed other false testimony related to the timing of certain events and Facebook records.

All of these claims could have been raised on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Taylor has not put forth sufficient evidence to support the conclusion that he is actually innocent[1], so Taylor must demonstrate cause and actual prejudice. The Court agrees with the Government that Taylor's arguments here appear to be a challenge of the sufficiency of evidence recast as a prosecutorial misconduct claim. While Taylor disputes certain testimony and evidence, he has not demonstrated that any of this evidence impacted the outcome of his case. As the Eighth Circuit noted multiple times in its order, the evidence in this case was "overwhelming."

---

[1]   Although Taylor titles a section in his reply as "Actual Innocence," he does not explain the basis for this claim. (Doc. No. 303 at 5.)

8

*See Taylor*, 44 F.4th at 791, 794-95.  Taylor has failed to establish a claim of prosecutorial misconduct.

**IV.     Jurisdiction**

Lastly, Taylor argues that the Court does not have jurisdiction over this case due to the Tenth Amendment.  Taylor asserts that § 1591 "regulates local criminal conduct" and he should be prosecuted in the State of Minnesota only.  (Doc. No. 303 at 6-8.)  "A Tenth Amendment challenge to a statute 'necessarily' fails if the statute is a valid exercise of a power relegated to Congress."  *United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012).  It has been clearly established that § 1591 is a valid exercise of Congressional power.  *United States v. Koech*, 992 F.3d 686, 691-92 (8th Cir. 2021); *see also United States v. Walls*, 784 F.3d 543, 546 (9th Cir. 2015) ("[W]hen Congress uses the language 'affecting interstate commerce,' as it did in [§ 1591], Congress generally intends to regulate to the outer limits of its authority under the Commerce Clause.").  Taylor has not demonstrated that the Court lacks jurisdiction.

**V.      No Evidentiary Hearing Required**

There is no reason for the Court to further explore any credibility issues with respect to Taylor's claims.  A § 2255 motion can be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  All of Taylor's allegations are either

contradicted by the record, inherently incredible, conclusions, or, even if accepted as true, would not entitle him to relief.

### VI. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether issuance of a COA is appropriate and concludes that no issue is raised "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Moreover, Taylor has not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a COA.

### ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Taylor's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [293]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant Taylor.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 1, 2024                         s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge